IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHAD MATTHEWS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-328-Y |
| | § | |
| REBECCA TAMEZ, Warden, | § | |
| FCI-Fort Worth, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Chad Matthews, Reg. 16355-064, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

#### C. PROCEDURAL HISTORY

Matthews is serving a 60-month term of imprisonment for conspiracy to possess with intent to distribute marijuana and user of a controlled substance in possession of a firearm in violation of

21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(3). (Resp't Appendix at 1.) He is presently expected to be released with good conduct time on July 13, 2011. (*Id.* at 2) During his incarceration, Matthews completed a 500-hour drug abuse treatment program sponsored by the Bureau of Prisons (the Bureau) in an effort to obtain early release under 18 U.S.C. § 3621(e)(2)(B). (*Id.* at 10) On the date Matthews began the 500-hour drug program, he was informed that he was ineligible for the early release benefit of the drug program because of his instant offense under § 922(g)(3) and his two-point weapon enhancement. (*Id.* at 4-8) The Bureau's denial of early release is the subject of this petition. The government has filed a motion to dismiss the petition with supporting documentary exhibits.

### D. ISSUES

Matthews's claims are construed as follows:

(1) He is entitled to early release because the Bureau failed to comply with § 552 of the Administrative Procedure Act (APA);

(2) The Bureau's categorical exclusion of mere "possessory offenders" under § 922(g)(3) from early release consideration is contrary to Ninth Circuit case law and improper because mere possession of a firearm is not a crime of violence; and

(3) The Bureau converted a nonviolent crime into a violent crime in Program Statement 5162.04 that is inconsistent with the definition of "crime of violence" as determined by the United States Sentencing Commission. (Petition at 4-5)

### E. EXHAUSTION

The government asserts Matthews's petition should be dismissed for failing to exhaust his administrative remedies as to his claims or, in the alternative, for failing to state a claim. (Resp't Mtn. to Dismiss at 3-20) Federal prisoners are required to exhaust available administrative remedies through the Bureau before seeking habeas corpus relief under § 2241. *See Rourke v. Thompson*, 11 F.3d 47, 50 (5th Cir. 1993). An administrative remedy procedure for federal prisoners is provided

at 28 C.F.R. §§ 542.10-542.19. (Resp't Appendix at 2) Under this administrative procedure, an inmate is advised to seek informal discussion and resolution of their complaint with prison staff. If informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. The inmate may formally appeal to the Warden, in a form commonly referred to as a BP-9; then to the Regional Director, in a form commonly referred to as a BP-10; and finally to the Office of General Counsel, in a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

In support of the government's assertion that Matthews's petition should be dismissed for lack of exhaustion of administrative remedies, it has submitted the declaration of Alberto Munguia, Supervisory Attorney at FCI-Fort Worth. (Resp't Appendix at 1-2) Affiant Munguia avers that, by way of his employment, he has access to inmates' files concerning any aspect of their confinement including whether an inmate has exhausted his administrative remedies. Munguia further avers that review of the records maintained by the Bureau reveals that Matthews has not exhausted the administrative remedy process relevant to his claim.

The purpose of exhaustion is to permit the federal agency being challenged to correct its own error without court intervention. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). Exhaustion is not required where the available administrative remedies either are unavailable or inadequate, or where the attempt to exhaust such remedies would be futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Where, as here, the Bureau has adopted the policy and instructed its staff in the form of a program statement that a particular category of inmates are ineligible for early release, attempts to exhaust the administrative process may be futile. *See Stewart v. Tombone*, No. 3:97-CV-0129-BC,

1998 WL 158657, at *2 (N.D. Tex. Mar. 24, 1998) (not designated for publication). Assuming that to be the case, adherence to the exhaustion requirement would serve no purpose other than delay. Thus, the court will address Matthews's claims on the merits.

### F. DISCUSSION

Title 18 U.S.C. § 3621(e)(2)(B) allows the Bureau to reduce the sentence of a prisoner convicted of a nonviolent felony offense by up to one year upon successful completion of a drug abuse treatment program. 18 U.S.C. § 3621(e)(2)(B); *see also* 28 C.F.R. §§ 550.50-550.60; Program Statement 5330.10. The Bureau is afforded considerable discretion to determine which prisoners may participate in the treatment programs and which prisoners are eligible for sentence reductions. *See Lopez v. Davis*, 531 U.S. 230, 231 (2001); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998); *Venegas v. Henman*, 126 F.3d 760, 762 (5th Cir. 1997). Toward that end, the Bureau published regulations and policies categorically excluding certain prisoners from consideration for early release. 28 C.F.R. § 550.58(a)(1)(vi). In Program Statement 5162.04, the Bureau further delineated offenses under § 922(g) and offenses "with a specific offense characteristic enhancement" that, at the Bureau's discretion, precluded early release eligibility under § 3621(e). (Resp't Appendix at 21-23, 28)

Matthews claims the Bureau failed to comply with the notice requirements for agency rulemaking set forth in the APA before implementing, in 1997, an interim version of § 550.58 and Program Statement 5162.04. *See* 5 U.S.C. § 553(d). Initially, a program statement is an internal agency guideline not subject to the notice and comment requirements of the APA. *See Royal v. Tombone*, 141 F.3d 596, 600 (5th Cir. 1998). *See also Lopez v. Davis*, 531 U.S. 230, 244 n.6 (2001) (declining to address procedural challenge to interim regulation based on violation of APA notice

4

and comment requirements while upholding regulation against substantive challenge to eligibility exclusions). Further, the APA issues relating to the interim regulation are not relevant here because, as the government notes, the interim regulation was finalized on December 22, 2000, *see* 65 Fed. Reg. 80745, before Matthews's 2007 conviction and sentence. Thus, application of the Bureau's regulation to Matthews after December 2000 is valid. *See Lopez*, 531 U.S. at 238-44; *Warren v. Miles*, 230 F.3d 688, 693-94 (5th Cir. 2000); *Venegas*, 126 F.3d at 762-64; *Cadena v. Tombone*, 11 F. Supp. 2d 889, 892-93 (E.D. Tex. 1998).

Matthews claims the Bureau exceeded its authority by converting a nonviolent crime into a violent crime through a program statement and that its categorical exclusion of mere "possessory offenders" under § 922(g)(3) from early release is contrary to Ninth Circuit case law and improper because mere possession of a firearm is not a crime of violence. This circuit is not bound by Ninth Circuit case law. Further, there is no constitutionally protected right of a convicted person to early release under § 3621(e). *Wottlin*, 136 F.3d at 1036; *Venegas*, 126 F.3d at 765; *Stewart*, No. 3:97-CV-0129-BC, 1998 WL 158657, at *3. Even if an offense under § 922(g)(3) were interpreted as a nonviolent offense for purposes of § 3621(e) and Matthews met the prerequisites of the statute–conviction of a nonviolent offense and successful completion of drug treatment, the Bureau has the authority, but not the duty, to reduce his term of imprisonment. *Lopez*, 531 U.S. at 241. Moreover, he is ineligible on the basis of his two-point weapon enhancement under Program Statement 5162.04. Disqualifying Matthews based on the nature of his offenses and the enhancement for weapon possession was a reasonable exercise of the Bureau's broad discretion, and prison officials' authority, under the statute and the relevant regulations and program statements. Consequently, Matthews is not entitled to habeas corpus relief.

## II. RECOMMENDATION

The government's motion to dismiss should be GRANTED to the extent that Matthews petition for writ of habeas corpus be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 29, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on -reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 29, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 9, 2009.

                                                        /s/ Charles Bleil
                                              CHARLES BLEIL
                                              UNITED STATES MAGISTRATE JUDGE